UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM J. HERRINGTON (#121183) | CIVIL ACTION |
| VERSUS | NO. 20-265-SDD-SDJ |
| JASON KENT, ET AL. | |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on July 31, 2023.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM J. HERRINGTON (#121183)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-265-SDD-SDJ** |
| **JASON KENT, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner William J. Herrington, who is proceeding *pro se*. The State opposes Petitioner's application.[1] There is no need for oral argument or for an evidentiary hearing.

On April 29, 2020, Petitioner, an inmate confined at Dixon Correctional Institute, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2016 criminal guilty plea and sentence in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana. Petitioner raises the following eight (8) issues in his Petition: (1) "parole supervision was not allotted through Good Time Act 848 or R.S. 15:571.1-14"; (2) "how the statue [sic] read, R.S. 14:91.5 in the 2012, LA Code of Criminal Procedure"; (3) "during the guilty plea, LA Code of Criminal Procedure Article 556.1.A.was violated"; (4) "the merits of the factual dispute were not resolved in the state hearing"; (5) "the fact-finding procedure employed by the state court did not provide a full and fair hearing"; (6) "the material facts were not adequately developed at the state court hearing"; (7) "the State's factual determination is not fairly supported by the record as a whole"; and (8) "ineffective assistance of counsel."[2]

---

[1] R. Doc. 9.
[2] R. Doc. 1 at 14-15.

I.      **PROCEDURAL HISTORY**

On September 8, 2016 Petitioner entered a plea of guilty to the following three (3) felony counts: (1) unlawful use of a social networking website in violation of La. R.S. 14:91.5.A.(1); (2) registration of sex offender telephone numbers in violation of La. R.S. 15:542.C.(1)(i); and (3) registration of sex offender email in violation of La. R.S. 15:542.C.(1)(m).[3] He was sentenced to a period of ten years at hard labor on each count, with credit for time served, to run concurrently with each other and with any other sentence Petitioner was then serving.[4] Petitioner did not seek a direct appeal.

On January 22, 2018, Petitioner filed an application for post-conviction relief *pro se* with the 18th JDC.[5] Shortly thereafter, on January 29, 2018, Petitioner filed a Motion to Amend his PCR application, which Motion was granted.[6] Judge Edward Gaidry of the 18th JDC denied Petitioner's state PCR application on April 4, 2018.[7] Petitioner, on or about May 15, 2018, submitted a petition to the Louisiana First Circuit Court of Appeal, seeking a supervisory writ and/or other review.[8] The First Circuit, on August 20, 2018, denied Petitioner's writ on the showing made (2018-KW-0681) based on Petitioner's failure to include copies of certain required documents with his petition.[9] Subsequently, after Petitioner refiled his writ application on September 19, 2018, the First Circuit, on November 30, 2018, both denied Petitioner's petition for supervisory writs (2018-KW-1465) and denied same as moot (2018-KW-1348).[10] Petitioner then

---

[3] R. Doc. 8 at 4, 9, 23. Due to a prior conviction, Petitioner was required to register as a sex offender.
[4] *Id.* at 9.
[5] *Id.* at 35-43.
[6] *Id.* at 45-48.
[7] *Id.* at 59-61.
[8] *Id.* at 65-72.
[9] *Id.* at 104.
[10] *Id.* at 118; R. Doc. 1 at 14; R. Doc. 9 at 4; R. Doc. 1-1 at 27, 30, 32.

2

sought review by the Louisiana Supreme Court, which writ application was denied by order dated February 26, 2020.[11]

Petitioner filed the instant habeas Petition on April 29, 2020.[12] Respondents filed an Opposition thereto on August 24, 2020, to which Petitioner filed a "Traverse" on September 22, 2020.[13] On or about April 18, 2023, Petitioner filed a notice with this Court indicating his intention to file for a writ of mandamus with the Fifth Circuit Court of Appeal, seeking an order from said court instructing this Court to rule on his federal habeas application.[14] No further information about the writ of mandamus is provided in the record.

## II.     TIMELINESS

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), citing *Artuz v. Bennett*, 531 U.S. 4, 8, 11 (2000). Further, a properly-filed state

---

[11] *Id.* at 119.
[12] R. Doc. 1.
[13] R. Docs. 9, 12.
[14] R. Docs. 14, 15.

3

application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Here, Petitioner did not seek a direct appeal, so his conviction became final thirty days after he was sentenced, or on October 10, 2016.[15]  **469** untolled days passed until Petitioner filed his application for post-conviction review with the 18th JDC on January 22, 2018. Once the Louisiana Supreme Court issued its opinion on February 26, 2020, denying Petitioner's writ application, an additional **63** untolled days passed until Petitioner filed the instant habeas Petition. As more than a year elapsed during which Petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, Petitioner's application is untimely.

Having found Petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless Petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling.  To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that he was prevented from filing a habeas petition by a state-created impediment in violation of the Constitution or federal law. *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003).  Petitioner has made no such

---

[15] *See Williams v. Louisiana,* Civ. No. 10-1521, 2011 WL 1527219, at *1 (E.D. La. Mar. 28, 2011), *report and recommendation adopted,* 2011 WL 1527027 (E.D. La. Apr. 20, 2011), *citing Roberts v. Cockrell,* 319 F.3d 690, 694–95 (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); La. C.Cr.P. art. 914(B)(1) (a motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken).  The Court notes that the thirtieth day falls on October 8, 2016, which was a Saturday.

4

showing in this case. Accordingly, there is no suggestion in the record that Petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See U.S. v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006). Additionally, it is a petitioner's burden to demonstrate that equitable tolling is warranted. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library generally are not sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–72 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 183 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director, TDCJ-CID,* Nos. 09-463, 09-477, 2010 WL 774986, at *4 (E.D.

5

Tex. Mar. 1, 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotations omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The circumstances of this case are not "extraordinary" such that equitable tolling can be applied. Petitioner in the instant matter has demonstrated no such diligence and alacrity. Approximately 500 days passed between the time Petitioner's conviction became final and the filing of his PCR application in the state trial court with no explanation for the delay in filing. Petitioner then waited an additional 63 days after the Louisiana Supreme Court denied his writ application before filing the instant Petition. As such, Petitioner did not diligently pursue his rights, nor was he prevented from doing so in some extraordinary manner. Accordingly, Petitioner's application should be denied as untimely.

## III.   CERTIFICATE OF APPEALABILITY

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of Petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

IV.   **RECOMMENDATION**

Based on the foregoing,

**IT IS RECOMMENDED** that the application for habeas corpus relief filed by Petitioner William J. Herrington be denied, with prejudice, as untimely.

**IT IS FURTHER RECOMMENDED** that, in the event that Petitioner William J. Herrington seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on July 31, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**